IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BEVERLY FAZZOLARI, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CARMINE GUISEPPE FAZZOLARI, DECEASED** § § § § § § § § | | United States Courts Southern District of Texas FILED *JULY 29, 2021* Nathan Ochsner, Clerk of Court |
| *Plaintiff* § § | | |
| V. § § | | CIVIL ACTION NO. 4:21-cv-02164 |
| **OFFICER JASMINE SEELE, OFFICER KEVIN SMITH, OFFICER ISRAEL MALDONADO, OFFICER LAZARO MALDANARDO, HOUSTON POLICE DEPARTMENT AND THE CITY OF HOUSTON** § § § § § § § § | | |
| *Defendants* § | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, BEVERLY FAZZOLARI, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CARMINE GUISEPPE FAZZOLARI, DECEASED "Plaintiff", complaining of OFFICER JASMINE SELLE, OFFICER KEVIN SMITH, OFFICER LAZARO MALDANARDO AND THE CITY OF HOUSTON "Defendants" and for cause of action would show unto the Court as follows:

**I.
PARTIES**

Plaintiff, BEVERLY FAZZOLARI, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CARMINE GUISEPPE FAZZOLARI, DECEASED, is a resident of Fort Bend County, Texas.

1

EXHIBIT 1

Defendant, OFFICER JASMINE SELLE, is a Houston Police Department Officer and is being served in her official capacity. This Defendant may be served with process at 2495 S. Mason Road, Apt. 824, Katy, Texas 77450, by our private process server Court Record Research.

Defendant, OFFICER KEVIN SMITH, is a Houston Police Department Officer and is being served in his official capacity. Service is not requested at this time.

Defendant, OFFICER LAZARO MALDANARDO, is a Houston Police Department Officer and is being served in his official capacity. This Defendant may be served with process at 1200 S. Dairy Ashford, Apt. 1131, Houston, Texas 77077, by our private process server Court Record Research.

Defendant, THE CITY OF HOUSTON, a governmental entity of the State of Texas, has appeared herein.

## II.
## JURISDICTION AND VENUE

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, because the claims involve a question of federal law under 42 U.S.C. § 1983. This Court further has pendant and ancillary jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this cause in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because all or substantial part of the events which gave rise to this cause of action occurred in the Southern District of Texas.

## III.
## FACTS

On or about June 28, 2019, Carmine Guiseppe Fazzolari was a 24-year-old individual residing in Fort Bend County, Texas. On or about June 28, 2019, Defendants, Officer Selle, Officer Smith and Officer Maldanardo, were acting in their official capacity, and in the course and scope of their employment and agency for Defendant, The City of Houston. While in their official

2

EXHIBIT 1

capacity and under the course and scope of their employment and agency with Defendant, The City of Houston, Defendants shot and killed Decedent Carmine Guiseppe Fazzolari without provocation or justification.

## IV.
## CAUSES OF ACTION (OFFICER SELLE, OFFICER SMITH AND OFFICER MALDANARDO)

1. *Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation of Carmine Guiseppe Fazzolari's Fourth and Fourteenth Amendment Rights.*

Plaintiff hereby fully incorporate the preceding paragraphs by reference.

Defendants, Officer Selle, Officer Smith and Officer Maldanardo, while acting within the course and scope of their official capacity as City of Houston Police Officers and acting pursuant to the training and policies of Defendant City of Houston, deprived Carmine Guiseppe Fazzolari of clearly established rights secured to him by the Constitution of the United States of America. Defendants, Officer Selle, Officer Smith and Officer Maldanardo, brutally and using excessive force assaulted Carmine Guiseppe Fazzolari without adequate provocation from Decedent. Defendants, Officer Selle, Officer Smith and Officer Maldanardo's conduct showed conscious indifference to a right to be free of unreasonable seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Defendants, Officer Selle, Officer Smith and Officer Maldanardo at the time. Decedent suffered fatal injuries that were clearly a result of Defendants, Officer Selle, Officer Smith and Officer Maldanardo's excessive and unreasonable actions.

Carmine Guiseppe Fazzolari showed no threat to officers or the public. No reasonable officer or person in Defendants, Officer Selle, Officer Smith and Officer Maldanardo's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.

EXHIBIT 1

Defendants, Officer Selle, Officer Smith and Officer Maldanardo's actions constitute conscious indifference to Carmine Guiseppe Fazzolari's rights under the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States. Their conscious indifference to those rights was the proximate cause of Carmine Guiseppe Fazzolari's death, and thus the Plaintiff's injuries. The force Defendants, Officer Selle, Officer Smith and Officer Maldanardo used was greatly in excess of what the situation required, and their actions are shocking to the public.

Defendants, Officer Selle, Officer Smith and Officer Maldanardo's actions were taken pursuant to customs and practices of the Houston Police Department that are so widespread as to have the force of law.

Carmine Guiseppe Fazzolari's causes of action survive to the Estate of Carmine Guiseppe Fazzolari, Deceased.

2. ***Violations of 42 U.S.C. Section 1983 – Summary Punishment in Violation of Carmine Guiseppe Fazzolari's Fourteenth Amendment Rights.***

Plaintiff hereby fully incorporate the preceding paragraphs by reference.

The Fourteenth Amendment to the Constitution of the United States provides that a State may not deprive any person of life, liberty, or property without due process of law. Defendants, Officer Selle, Officer Smith and Officer Maldanardo deprived Carmine Guiseppe Fazzolari both his life and his liberty without any due process. Defendants, Officer Selle, Officer Smith and Officer Maldanardo's violent, fatal attack upon Carmine Guiseppe Fazzolari occurred despite no provocation or danger to either the public or Defendants, Officer Selle, Officer Smith and/or Officer Maldonado. Defendants, Officer Selle, Officer Smith and Officer Maldanardo took it upon themselves to fire fatal bullet after fatal bullet at Carmine Guiseppe Fazzolari.

Defendants, Officer Selle, Officer Smith and Officer Maldanardo acted under color of state law when they assaulted and killed Carmine Guiseppe Fazzolari. Defendants, Officer Selle, Officer Smith and Officer Maldanardo's actions demonstrate a conscious indifference to Carmine Guiseppe Fazzolari's clearly established constitutional right to due process before deprivation of his life or his liberty. Defendants, Officer Selle, Officer Smith and Officer Maldanardo's actions constituted conscious indifference to Carmine Guiseppe Fazzolari's rights under the Fourteenth Amendment to the Constitution of the United States, and their conscious indifference to those rights was the producing and proximate cause of Carmine Guiseppe Fazzolari's death, and thus the Plaintiff's injuries.

Carmine Guiseppe Fazzolari posed no threat to the officer or the public when he was brutally attacked and killed. No reasonable officer or person in Defendants, Officer Selle, Officer Smith and Officer Maldanardo's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public. Moreover, no reasonable officer would have thought it necessary to shoot and kill Carmine Guiseppe Fazzolari.

Defendants, Officer Selle, Officer Smith and Officer Maldanardo's actions were taken pursuant to a custom and practice of the Houston Police Department that is so widespread as to have the force of law.

Carmine Guiseppe Fazzolari's causes of action survive to the Estate of Carmine Guiseppe Fazzolari, Deceased.

3. ***Violations of 42 U.S.C. Section 1983 – Cruel and Unusual Punishment in violation of Carmine Guiseppe Fazzolari's Eighth Amendment Rights.***

Plaintiff hereby fully incorporate the preceding paragraphs by reference.

Defendants, Officer Selle, Officer Smith and Officer Maldanardo violated Carmine Guiseppe Fazzolari's rights to be free of cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States and incorporated against the States and their

subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well- known to Defendants, Officer Selle, Officer Smith and Officer Maldanardo at the time. While not every action taken may constitute excessive force or cruel and unusual punishment, the conduct taken by Defendants, Officer Selle, Officer Smith and Officer Maldanardo was of such a degree as to shock the conscious of the community and the Court. There was no need for Defendants, Officer Selle, Officer Smith and Officer Maldanardo to shoot Carmine Guiseppe Fazzolari. There was no need for Defendants, Officer Selle, Officer Smith and Officer Maldanardo to kill Carmine Guiseppe Fazzolari. There was no need for Defendants, Officer Selle, Officer Smith and Officer Maldanardo to take any of the excessive force actions as listed, supra. Defendants, Officer Selle, Officer Smith and Officer Maldanardo's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Carmine Guiseppe Fazzolari, and to Plaintiff. This conduct was the proximate cause of Carmine Guiseppe Fazzolari's death, and thus Plaintiff's injuries.

This conduct was done pursuant to a custom and practice of the Houston Police Department that is so widespread to have the force of law.

Carmine Guiseppe Fazzolari's causes of action survive to the Estate of Carmine Guiseppe Fazzolari, Deceased.

4. *Violations of Tex. Civ. Prac. & Rem. Code 71.002 – Wrongful Death*

Defendants, Officer Selle, Officer Smith and Officer Maldanardo by wrongful act caused the death of Carmine Guiseppe Fazzolari when they used excessive force and deliberately and with conscious indifference shot and killed Carmine Guiseppe Fazzolari is an unjustified, abrupt, malicious act. There was no need for Defendants to shoot Carmine Guiseppe Fazzolari. There was no need for Defendants to kill Carmine Guiseppe Fazzolari. There was no need for Defendants to take any of the excessive force actions as listed, *supra*. Defendants, Officer Selle, Officer Smith

and Officer Maldanardo's, conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Carmine Guiseppe Fazzolari, and to Plaintiff. This conduct was the proximate cause of Carmine Guiseppe Fazzolari's death, and thus Plaintiff's injuries.

Plaintiff, Beverly Fazzolari, Individually and as Personal Representative of the Estate of Carmine Guiseppe Fazzolari, Deceased, brings this cause of action pursuant to Texas Civil Practice and Remedies Code § 71.004(b).

## V.
## CAUSES OF ACTION (THE CITY OF HOUSTON)

Defendants, Officer Selle, Officer Smith and Officer Maldanardo, during the occurrence in question was, at all material times, acting within the course and scope of their employment and under the direction and/or control of Defendant, THE CITY OF HOUSTON. At the time of the occurrence in question and immediately prior thereto, Defendants, Officer Selle, Officer Smith and Officer Maldanardo, were engaged in the furtherance of Defendant's business. Therefore, Defendant, THE CITY OF HOUSTON, is liable for the injuries to the Plaintiff under the doctrine of *respondeat superior*, vicarious liability and any applicable theories of Agent/Servant Liability.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs and/or omissions on the part of the Defendant amounted to negligence, either individually, or in the aggregate, and was the proximate cause of the resulting damages sustained by Plaintiff.

## VI.
## DAMAGES

As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proxmiate result of Defendants' wrongful acts, including negligence and gross negligence, Beverly Fazzolari, Individually and the Estate of Carmine Guiseppe Fazzolari,

Deceased, suffered serious injuries and death, will likely sustain additional serious damages in the future, and is entitled to recover:

1. Physical pain in the past and in all reasonable probability will sustain in the future; and

2. Mental anguish in the past and in all reasonable probability will sustain in the future; and

3. Physical suffering in the past and in all reasonable probability will sustain in the future; and

4. Loss of enjoyment of life; and

5. Loss of Support.

Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff recover:

1. Judgment against the Defendants, jointly and severally;

2. Fair and adequate damages to be determined by the jury;

3. Pre-judgment and post judgment interest as allowed by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff may be justly entitled.

EXHIBIT 1

Respectfully Submitted,

**LAW OFFICE OF RICHARD J. PRESUTTI, P.C.**

**By:** */s/ Richard J. Presutti*
**RICHARD J. PRESUTTI**
*ATTORNEY IN CHARGE*
Southern District Bar No: 313499
SBN: 24004196
Email: rich@rjpresuttilaw.com
**MEREDITH M. SMITH**
Southern District Bar No: 3576580
SBN: 24094127
Email: meredith@rjpresuttilaw.com
**ANTHONY T. PRESUTTI**
SBN: 24109078
Email: anthony@rjpresuttilaw.com
525 N. Sam Houston Parkway E., Suite 600
Houston, Texas 77060
Telephone: (281) 260-6825
Facsimile: (281) 260-6842

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2021, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Geoffrey G. Hoover
Email: Geoffrey.Hoover@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002

*Attorney for Defendant, City of Houston*

*/s/ Richard J. Presutti*
**RICHARD J. PRESUTTI**

EXHIBIT 1